# EXHIBIT 6

Electronically Filed by Superior Court of California, County of Orange, 05/28/2025 09:38:00 AM.
Case 8:25-cv-01178-JWH-MAR   Document 1-3   Filed 05/28/25   Page 2 of 10   Page ID #:125
30-2025-01477930-CU-WT-CJC - ROA # 10 - DAVID H. YAMASAKI, Clerk of the Court By R. Baker, Deputy Clerk.

1  Hazel U. Poei (SBN 214928)
   **JACKSON LEWIS P.C.**
2  200 Spectrum Center Drive, Suite 500
   Irvine, California 92618
3  Telephone:   (949) 885-1360
   Facsimile:   (949) 885-1380
4  hazel.poei@jacksonlewis.com

5  Jane J. Kim (SBN 327553)
   **JACKSON LEWIS P.C.**
6  725 South Figueroa Street, Suite 2500
   Los Angeles, California 90017-5408
7  Telephone:   (213) 689-04041
   Facsimile:   (213) 689-0430
8  jane.kim@jacksonlewis.com

9  Attorneys for Defendants
   FORMATION BIO, INC. and LAURA FAZIO
10

11                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                             **FOR THE COUNTY OF ORANGE**

13

| | |
|---|---|
| AMBER GLOWACKI, an individual, | **CASE NO. 30-2025-01477930-CU-WT-CJC** |
| Plaintiff, | [*Assigned for All Purposes to Hon. Bradley Erdosi; Dept.* C27] |
| vs. | |
| TRIALSPARK, INC., dba FORMATION BIO, a Delaware Corporation, LAURA FAZIO, an individual, and DOES 1 through 20, inclusive, | **DEFENDANTS FORMATION BIO, INC. AND LAURA FAZIO'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendants. | |
| | Complaint Filed:   April 24, 2025<br>Trial Date: |

Defendants FORMATION BIO, INC. and LAURA FAZIO (collectively hereinafter "Defendants"), by and through counsel, hereby answers Plaintiff AMBER GLOWACKI's ("Plaintiff") unverified Complaint and Demand for Jury Trial ("Complaint") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendants deny generally and specifically each and every allegation and cause of action contained in the Complaint and deny that

1
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Plaintiff has suffered any injury or been damaged in any sum whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitation)

2. Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, Code of Civil Procedure §§ 338 and 343; Government Code §§ 12960 and 12965; and Business and Professions Code § 17208.

### THIRD AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

3. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Plaintiff was guilty of laches and unreasonable delay in bringing this action and in asserting any claim for relief against Defendants.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

5. Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Offset)

6. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant Formation Bio, Inc. under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

7. Plaintiff's allegations for violations of the Fair Employment and Housing Act are barred and this Court lacks jurisdiction to consider them because Plaintiff failed to timely and properly exhaust her mandatory administrative remedies prior to commencing this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

8. To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery, or any recovery must be reduced, by the after-acquired evidence doctrine.

## NINTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justification)

9. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because all decisions related to Plaintiff's employment were based on legitimate, non-discriminatory, non-harassing, and non-retaliatory business reasons.

## TENTH AFFIRMATIVE DEFENSE

### (Same Decision/Mixed Motive)

10. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory, harassing, or retaliatory reasons, or Plaintiff's disclosure of an unlawful act, had been a substantial motivating factor in any employment decisions toward Plaintiff, Defendants would have made the same employment decisions toward Plaintiff in any case for legitimate, independent, non-discriminatory, non-harassing, and non-retaliatory business reasons.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Business Necessity/Job Relatedness)**

11. As a separate and distinct affirmative defense, Defendants allege, without admitting that Defendants engaged in any of the acts or omissions alleged in Plaintiff's Complaint, that any such acts or omissions were justified by a business necessity and/or were job related because there exists an overriding business purpose for the safe and efficient operation of the business, and the challenged practice effectively fulfills the business purpose it is supposed to serve.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

12. Plaintiff's allegations of discrimination, harassment and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise. *State Dept. of Health Servs. v. Superior Court of Sacramento County (McGinnis)* (2000) 31 Cal.4th 1026.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Pre-emption)**

13. Plaintiff's claims and prayers for relief related to her alleged emotional injuries and other injuries attributable to the workplace are barred by the exclusive remedy under the Workers' Compensation Act, Labor Code § 3200, *et seq*.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Privileged, Good Faith & Justified Conduct)**

14. Assuming *arguendo* that Plaintiff's employment and/or terms of employment were not terminable at will, which Defendants dispute, Defendant Formation Bio Inc. had good cause to terminate Plaintiff's terms of employment, and all decisions and acts by Defendants which pertained to Plaintiff's employment, were privileged and/or justified under California law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

15. Plaintiff's claims for exemplary and punitive damages are barred in that Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations

to comply with the requirements of Civil Code § 3294.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

16. Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendants is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

17. Defendants have engaged attorneys to represent them in defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendants are thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code § 12965 upon judgment in their favor.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

18. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that accommodation of Plaintiff's disability would have imposed an undue hardship upon Defendant Formation Bio, Inc.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Health or Safety Risk)

19. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that Defendants' alleged conduct was lawful because, even with reasonable accommodations, Plaintiff was unable to perform the essential duties of her position without endangering her health or safety or the health or safety of others.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Superseding/Alternate Cause)

20. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because the damages claimed by Plaintiff were either wholly or partially, and either negligently or intentionally, caused by or contributed to by a superseding act of third party persons, firms,

corporations, or entities other than Defendants or their authorized agents. Defendants are therefore entitled to apportionment among all such parties according to their responsibility for such injuries and damages, if any, sustained by Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Managerial Immunity)

21. Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendants are barred by the doctrine of managerial immunity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Contributory Fault)

22. Any recovery on Plaintiff's Complaint, or any cause of action alleged therein, is barred in whole or part by Plaintiff's own contributory and/or comparative fault.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Vicarious Liability)

23. Defendants cannot be held vicariously liable for the conduct alleged in the Complaint because the individual(s) who allegedly engaged in the asserted conduct against Plaintiff was/were acting outside the scope of his/her/their employment and/or authority.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Unlawful Conduct)

24. Plaintiff's claim for monetary damages under Business and Professions Code § 17200, *et seq.* is barred, in whole or in part, because Defendant Formation Bio, Inc.'s business practices are and were not "unlawful" in that it complied with all applicable statutes and regulations in the payment of compensation to Plaintiff.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel and/or *Res Judicata*)

25. Plaintiff's Complaint is barred, in whole or in part, under the doctrines of collateral estoppel, *res judicata* and/or claim preclusion, to the extent that Plaintiff previously waived, discharged, or released the claims asserted in this lawsuit, and/or has or could have pursued any claim before the Civil Rights Department, Department of Industrial Relations or the United States Department of Labor.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Alleged Damages are Speculative and Unforeseeable)

26. Plaintiff is barred from recovering any damages, as alleged in the Complaint, because Plaintiff's alleged damages are speculative, unascertainable, and/or could not reasonably have been foreseen by Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Bona Fide Policy)

27. Plaintiff is barred from the recovery of punitive damages because Defendant Formation Bio, Inc. maintained a bona fide policy against discrimination, harassment, and retaliation. *See Kolstad v. American Dental Association*, 527 U.S. 526 (1999); *White v. Ultramar*, 21 Cal. 4th 563 (1999).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

28. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of Defendant Formation Bio, Inc.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Pre-Existing Condition)

29. Any recovery on Plaintiff's Complaint is barred, in whole or in part, because to the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of pre-existing psychological disorders or alternative concurrent causes, and not the result of any act or omission of Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Employment At-Will)

30. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff's term of employment was for an unspecified duration and therefore pursuant to Labor Code § 2922, terminable at will, with or without cause, in Defendant Formation Bio, Inc.'s sole discretion.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Standing)

31. Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because Plaintiff lacks standing to the bring the claims asserted in her Complaint.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Intent)

32. Plaintiff's claims are barred, in whole or in part, and/or recovery is precluded because Defendants lacked the requisite state of mind or intent, and Defendants had no actual or constructive knowledge of the alleged misconduct.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Ratification)

33. Defendants were unaware of, and did not authorize, direct, participate in, or ratify any alleged wrongful conduct. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants did not authorize, aid, abet, counsel, or encourage any such alleged conduct.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Misrepresentation Not a Material Fact, Unjustifiable Reliance)

34. Plaintiff's claim of intentional misrepresentation is barred in whole or in part either because the misrepresentation was not of a material fact or her reliance on any representations made were not justifiable.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Consent, Abandonment, Good Faith Belief)

35. Plaintiff's claim of conversion is barred in whole or in part either because she consented to Defendant Formation Bio, Inc.'s taking possession of her real property; Plaintiff abandoned her real property; or Defendant Formation Bio, Inc. possessed a good faith belief that it had a right to the real property in question.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Notice)

36. Defendants allege it did not have notice or knowledge of any purported discrimination, retaliation, or other misconduct as alleged in Plaintiff's Complaint.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

37. Defendants are informed and believes that all of Plaintiff's claims are subject to final and binding arbitration pursuant to written agreement between the parties. Solely to avoid default, Defendants have filed this Answer. Defendants are informed and believes that arbitration is the correct forum and jurisdiction for this claim, and that any action pending in the Superior Court should be immediately stayed pending resolution of the arbitration.

Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;
2. For reasonable attorney's fees pursuant to Government Code § 12965;
3. For costs of suit herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: May 28, 2025        JACKSON LEWIS P.C.

By: _____
Hazel U. Poei
Jane J. Kim

Attorneys for Defendants
FORMATION BIO, INC. and LAURA FAZIO